IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAWRENCE SCOTT, an individual, | ) ) ) |
| Plaintiff, | ) Case No.: 4:21-cv-01370 ) ) |
| v. | ) ) |
| HOUSTON COMMUNITY COLLEGE FOUNDATION, a Texas Non-Profit Corporation, | ) ) ) ) |
| and | ) ) |
| HOUSTON COMMUNITY COLLEGE SYSTEM, a Texas Non-Profit Corporation, | ) ) ) ) |
| Defendants. | ) ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, LAWRENCE SCOTT, through his undersigned counsel, hereby files this First Amended Complaint and sues HOUSTON COMMUNITY COLLEGE FOUNDATION, a Texas Non-Profit Corporation, and HOUSTON COMMUNITY COLLEGE SYSTEM, a Texas Non-Profit Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendants' Property, which is the subject of this action, is located in Harris County, Texas.

3. Plaintiff, LAWRENCE SCOTT (hereinafter referred to as "MR. SCOTT" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4. MR. SCOTT is a qualified individual with a disability under the ADA. In 2002, MR. SCOTT suffered a severe injury to his neck resulting in trauma to his C5 and C7 vertebrae. MR. SCOTT is paralyzed from the waist down.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Defendant, HOUSTON COMMUNITY COLLEGE FOUNDATION, a Texas Non-Profit Corporation (hereinafter referred to as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," Woodridge Plaza, generally located at 6969 Gulf Freeway, Houston, Texas 77087.

7. Defendant, HOUSTON COMMUNITY COLLEGE SYSTEM, a Texas Non-Profit Corporation (hereinafter referred to as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," Woodridge Plaza, generally located at 6969 Gulf Freeway, Houston, Texas 77087.

8. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every

allegation contained in the previous paragraphs of this First Amended Complaint.

10. The Property, a retail shopping plaza, is open to the public and provides goods and services to the public.

11. Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12. During his most recent visit, MR. SCOTT experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this First Amended Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

13. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendants. Additionally, MR. SCOTT continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

> A. Plaintiff personally encountered inaccessible parking designated for disabled use throughout the Property due to excessive slopes. Specifically, the designated parking spaces and access aisles in front of Todo Jewelry, King Dollar, Nancy's Cakes and the Medical Clinic all have excessive slopes.

        This condition made it difficult for Plaintiff to safely park and transfer out of his vehicle and increased his risk of fall;

  B.    Plaintiff personally encountered inaccessible parking throughout the Property due to lack of signage or faded signage. Specifically, there is a lack of signage in front of Todo Jewelry, King Dollar and Nancy's Cakes. There is also faded signage in front of Nancy's Cakes and in front of the Medical Clinic. This condition made it difficult for Plaintiff to identify the designated disabled parking areas;

  C.    Plaintiff personally encountered inaccessible curb ramps throughout the Property due to excessively sloped side flares and pavement in disrepair. Specifically, the curb ramps in front of Nancy's Cakes and the Medical Clinic have excessively steep side flares. These barriers made it difficult and unsafe for Plaintiff to maneuver over the ramps and increased his risk of fall;

  D.    Plaintiff personally encountered inaccessible rest room at Ruchis Taqueria due to narrow toilet stall, lack of rear grab bar, incorrect sink faucet hardware, and lack of knee clearance under sink.

15. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by each Defendants is in violation of the ADA;

B. That the Court enter an Order directing each Defendants to alter their facility to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing each Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow each Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

By:   */s/ Louis I. Mussman*
Louis I. Mussman
Attorney-in-charge
S.D. TX No. 2274288
Ku & Mussman, P.A.
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954)686-3976
Louis@kumussman.com

and

John K. Grubb
Attorney
Local Counsel
State Bar No. 08553500
5000 Montrose Blvd., # 500
Houston, Texas 77006
Tel: (713) 702-1808
johnkgrubb@grubblegal.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system and a true and correct copy will be served via U.S. Mail and Email to the following:

Jonathan G. Brush
Amy Demmler
Rogers, Morris & Grover, L.L.P.

5718 Westheimer, Suite 1200
Houston, Texas 77057
jbrush@rmgllp.com
ademmler@rmgllp.com

By:   */s/ Louis I. Mussman*
      Louis I. Mussman